UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: AMELIA ISLAND COMPANY

WILLIAM A. BRANDT, JR.,

    Appellant,

v.                                  Case No. 3:10-cv-1197-J-12
                                   Case No. 3:09-bk-09601-PMG

AMELIA ISLAND COMPANY and
PRIAC REALTY INVESTMENTS LLC,

    Appellees.

## OPINION AND ORDER

This case presents an appeal from an order of the United States Bankruptcy Court for the Middle District of Florida pursuant to 28 U.S.C. § 158(a). Appellant, William A. Brandt, Jr. (Brandt),[1] seeks review of the Bankruptcy Court's "Order Denying ... Motion for Reconsideration of [certain findings in] Findings of Fact, Conclusions of Law and Order...Confirming First Amended Plan Of Reorganization ..." (Bankr. Doc 986),[2] which incorporates its oral ruling made that same date (Bankr. Doc. 1030).

---

[1] On April 18, 2011, pursuant to this Court's Order (Doc. 24), Brandt was substituted as Appellant for the Ad Hoc Committee of Current and Resigned Members of the Amelia Island Club ("Committee"). See Doc. 25. Brandt had been a member of the Committee throughout the bankruptcy proceedings and when this appeal was initiated. Throughout this Opinion and Order, the Court's references to Appellant will include matters concerning the Committee before Brandt was substituted.

[2] Throughout this Order, the Court will cite to the documents in this Court's record as "Doc. x" and to the documents in the record on appeal from the Bankruptcy Court as "Bankr. Doc. x."

Appellant's brief (Doc. 28) was filed May 5, 2011. Appellee PRIAC Realty Investments, LLC ("PRIAC") filed its brief (Doc. 29) and portions of the bankruptcy record in support (Docs. 30-37) on May 25, 2011. On that same date, Debtor/Appellee Amelia Island Company filed a Notice of Joinder (Doc. 38) of PRIAC's brief. Appellant's reply brief (Doc. 40) was filed June 9, 2011. On July 13, 2011, the Court heard oral argument on the appeal. For the reasons set forth below, the Court will affirm the Bankruptcy Court's decision to deny the Motion for Reconsideration.

## Background

This appeal arises from the Chapter 11 reorganization proceedings of the Debtor/Appellee Amelia Island Company, which owned and operated the Amelia Island Club ("Club"), and the confirmation of its First Amended Chapter 11 Plan of Reorganization ("Reorganization Plan") (Bankr. Doc. 607) which established a new member-owned Club. Appellant claims that he and other Club members had the right to a full refund of their membership deposits pursuant to several Club governing documents in effect before the confirmation of the Reorganization Plan.

Specifically, Appellant asserts that pursuant to the Non-Disturbance Agreement and Independent Covenant ("NDA")(Bankr. Doc. 908, Exh. 7), PRIAC,[3] as a lender to the Debtor/Appellee, was contractually obligated to make its right to repayment subordinate to members' rights to full membership deposit refunds, and that PRIAC breached the NDA by supporting the Debtor/Appellee's Reorganization Plan which ultimately diminished those triggered or vested deposit refund rights which were set forth in the Club's Membership

---

[3] PRIAC is the successor in interest to the original party to the NDA, Barnett Bank.

2

Plan (Bankr. Doc. 908, Exh. 15). Appellant seeks review of the Bankruptcy Court's denial of the "...Motion for Reconsideration..." (Bankr. Doc. 865), which challenged several provisions of the Bankruptcy Court's "Findings of Fact, Conclusions of Law, and Order ... Confirming First Amended Chapter 11 Plan of Reorganization for Amelia Island Company" (Bankr. Doc. 815)("Confirmation Order") as unnecessary and impacting negatively the ability of members to pursue damage claims for breach of the NDA against PRIAC in an adversary proceeding.

The Motion for Reconsideration (Bankr. Doc. 865) did not challenge the approval of the Debtor/Appellee's Reorganization Plan, but sought to remove from the Confirmation Order the statement that "[n]one of the triggering events that would entitle Current Members or Resigned Members to any refund of their Membership Deposits have occurred" (Bankr. Doc. 815 at 21 ¶ 4), and to add a statement to each of two provisions of the Confirmation Order that nothing in it was intended to preclude members from pursuing damage claims against PRIAC for breach of the NDA in an adversary proceeding. Bankr. Doc. 865 at 11-14.

Appellant had initiated an adversary proceeding against PRIAC when the Bankruptcy Court held a hearing on confirmation, motions and objections ("Conformation Hearing") on August 26, 2010. After the Bankruptcy Court's November 2, 2010, denial of the Motion for Reconsideration, Appellant voluntarily dismissed the adversary proceeding and filed this appeal.

Standard of Review

As a general rule, this Court reviews <u>de novo</u> the legal conclusions of the Bankruptcy Court, Rush v. JLJ, Inc., (In re JLJ, Inc.), 988 F.2d 1112, 1113 (11th Cir. 1993),

and accepts the Bankruptcy Court's findings of fact unless they are clearly erroneous, Goerg v. Parungao (In re Goerg), 930 F.2d 1563, 1566 (11th Cir. 1991); Bankr. Rule 8013. However, both parties agree that the Court reviews the Bankruptcy Court's denial of the Motion for Reconsideration for abuse of discretion, and therefore may overturn the Bankruptcy Court's ruling only if it finds that the Bankruptcy Court made a clear error of judgment or applied the wrong legal standard. See, e.g., Cliff v. Payco General American Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004); Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1308 (11th Cir. 2008).

## Analysis

A review of the Bankruptcy Court docket reveals that Appellant participated throughout the Debtor/Appellee's Chapter 11 bankruptcy proceedings, by filing objections to the Reorganization Plan and arguing them at the Confirmation Hearing, seeking reconsideration of portions of the Confirmation Order, and initiating an adversary proceeding against PRIAC seeking damages for loss of the right to full membership deposit refunds due to its alleged breach of the NDA. As the Court has discussed in its previous Order (Doc. 24), the issues of whether any events had occurred to trigger members' rights to full deposit refunds pursuant to the Club Membership Plan, and the effect of the Confirmation Order language on members' ability to pursue damage claims for breach of the NDA in an adversary proceeding were raised by Appellant and addressed by the Bankruptcy Court in various proceedings.

In this appeal, Appellant maintains that the Bankruptcy Court abused its discretion in denying the Motion for Reconsideration: 1) by finding that no membership deposit refund triggering events had occurred; and 2) by compromising Brandt and other club members'

4

rights vis-a-vis another creditor, PRIAC. Doc. 28 at 13-14. Appellant claims that the Bankruptcy Court's rulings were unnecessary for conformation of the Reorganization Plan, erroneous, and undermined Brandt and other Club members' rights to bring damage claims relating to their membership deposit refunds against PRIAC. Id. at 14.

The issue of whether any triggering events had occurred which would have entitled some Club members to a full membership deposit refund was clearly an important issue in the underlying bankruptcy case and was addressed at the Confirmation Hearing based on Appellant's objections, as well as on the Motion for Reconsideration, and also was an important issue governing the dispute between the Appellant and PRIAC in the adversary proceeding. The Bankruptcy Court found in its Confirmation Order (Bankr. Doc. 815 at 21 ¶ 4) that "[n]one of the triggering events that would entitle Current Members or Resigned Members to any refund of their Membership Deposits have occurred." It also determined on the Motion for Reconsideration that such finding was not clear error and did not result in manifest injustice (Bankr. Doc. 1030 at 12).

Appellant's position on the Motion for Reconsideration was that the finding that no triggering event had occurred regarding membership deposit refunds was erroneous and an effective bar to resolving that necessary issue in the adversary proceeding. Bankr. Doc. 966 at 8. PRIAC took the position that nothing in the Confirmation Order precluded certain individual Committee members' ability as real parties in interest to bring claims against it arising out of the NDA in an adversary proceeding, but it also maintained that the practical result of the consummation of the Reorganization Plan and the creation of the new member-owned Club, and the correct finding in the Confirmation Order that triggering events did not occur, was that no claims existed to be asserted in the adversary

5

proceeding. Bankr. Docs. 966 at 27; 941 at 5 and 6; 1030 at 12.

The Bankruptcy Court issued its oral ruling on the Motion for Reconsideration on November 2, 2010. Bankr. Doc. 1030. The Bankruptcy Court reviewed each provision of the NDA and the Club Membership Plan that Appellant argued had triggered membership refund rights and concluded that no triggering events set forth in those documents had occurred. Id. at 6-11. It also found that nothing in the Confirmation Order precluded members claiming refund rights from filing or pursuing an adversary proceeding for damages for breach of contract (the NDA). Id. at 11-12. As a result, the Bankruptcy Court concluded that no changes were warranted to the Conformation Order to correct clear error or avoid manifest injustice, and denied the Motion for Reconsideration. The Court agrees.

Appellant's primary argument on appeal is that Club members' refund rights were triggered well before Reorganization Plan confirmation when Debtor/Appellee determined to convert the Club to a member-owned Club, which it claims also resulted in a determination to terminate all existing categories of Club membership. This position ignores the fact that the relevant documents contemplated that Debtor/Appellee could alter membership refund rights by amending the Membership Plan in accordance with its provisions, without triggering those refund rights. That is precisely what the Bankruptcy Court found had occurred in the process leading to confirmation of Debtor/Appellee's Reorganization Plan.[4] Appellant has not argued that the required procedures for amending

---

[4] The Court notes that PRIAC also argues that is was not Debtor/Appellee Amelia Island Company that determined to convert to a member-owned club to avoid liquidation, but that Debtor/Appellee merely concurred with the decision of it's member Board of Directors (of Amelia Island Club, Inc.) who took the necessary steps to gain member approval. Doc. 29 at 30-36. Although the portions of the record cited by PRIAC support this argument, the Court does not rely on it in finding that the

6

the Membership Plan and altering member deposit refund rights were not followed.

The NDA, by which PRIAC agreed to subrogate its interest in repayment to Club members' refund and other rights under the Membership Plan, incorporates the Club Membership Plan "as the same may be amended from time to time" and provides that the Debtor/Appellee may not agree to amend the NDA without approval of its member Board of Directors (of Amelia Island Club, Inc.) by a 2/3 vote. Bankr. Doc.908, Exh. 7. The Club's Membership Plan likewise requires a 2/3 vote of the Board of Directors, as well as approval by a majority of Club members, to convert to a member-owned club or to alter deposit refund rights. Bankr. Doc. 908, Exh. 15, at unnumbered p. 7-9 of Membership Plan, "Acknowledgment of Membership Rights."

The Bankruptcy Court thoroughly reviewed each provision of the Membership Plan that Appellant alleged had triggered refund rights. The Court cannot find that it abused its discretion in determining that no triggering events had occurred and denying the Motion for Reconsideration as to that issue.

With respect to Appellant's argument that language in the Confirmation Order improperly impinged on the right of Appellant and other Club members to pursue claims for breach of contract in an adversary proceeding, the Bankruptcy Court noted that PRIAC had acknowledged that nothing in the Confirmation Order standing alone would prevent Appellant or any other individual members from seeking and obtaining relief, so it determined that the language Appellant sought to add was not needed. Bankr. Doc. 1030 at 11-12. The Court likewise finds no abuse of discretion in this ruling.

---

Bankruptcy Court did not abuse its discretion as the Bankruptcy Court did not make an express finding with regard to this argument.

7

Upon review of the matter, for the reasons set forth above, it is

**ORDERED AND ADJUDGED**:

That the Bankruptcy Court's "Order Denying ... Motion for Reconsideration of [certain findings in] Findings of Fact, Conclusions of Law and Order...Confirming First Amended Plan Of Reorganization ..." (Bankr. Doc. 986), which incorporates its oral ruling (Doc. 1030) is AFFIRMED.

**DONE AND ORDERED** this 21st day of September 2011.

*Howell W. Melton*
**SENIOR UNITED STATES DISTRICT JUDGE**

c: Hon. Paul M. Glenn
U.S. Bankruptcy Judge
Counsel of Record